UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC HERRON,

    Plaintiff,

v.

UNKNOWN FOUNTAIN, *et al.*,

    Defendants.

_____/

Case No. 1:24-cv-448

Hon. Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights case brought by Plaintiff Eric Herron, a state prisoner.[1] (ECF No. 1.) Plaintiff brings this Complaint against Defendants Kerry Fountain, Michael Schafer, Timothy Stephenson, Randee Rewerts, and Richard Russell under 42 U.S.C. § 1983. Defendants Stephenson, Rewerts, and Russell moved to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6) and moved for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 9.) On February 14, 2025, the magistrate judge issued a report and recommendation ("R&R"), recommending dismissal of Plaintiff's claims against Stephenson, Rewerts, and Russell for failure to state a claim. (ECF No. 15.) Before the Court are Plaintiff's objections to the R&R.[2] (ECF No. 16.)

---

[1] Herron is represented by counsel.

[2] Under Rule 72 of the Federal Rules of Civil Procedure, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

I.

Plaintiff lodges four constitutional claims against Defendants.  They stem from rejection of a book Plaintiff ordered while incarcerated with the Michigan Department of Corrections ("MDOC") at the Carson City Correctional Facility.  (Compl. ¶¶ 39, 46, 59, 68.)

Any mail delivered to an inmate at an MDOC facility must comply with the MDOC's mail policy.  (Policy Directive 05.03.118, ECF No. 1-2, PageID.19.)  The mail policy allows prisoners to "receive uncensored mail . . . from any person or organization unless the mail violates this policy. . . ."  (*Id.*)  A main goal of the policy is to prevent unauthorized items from entering the prison: "[p]risoners are prohibited from receiving mail that may pose a threat to the security, good order, or discipline of the facility, facilitate or encourage criminal activity, or interfere with the rehabilitation of the prisoners."  (*Id.*, PageID.24.)  This general prohibition includes "[m]ail written . . . in a foreign language which cannot be screened by institutional staff to the extent necessary to conduct an effective search."  (*Id.*, PageID.25.)  The MDOC published an office memorandum that limited the scope of this rule, providing that "Paragraph NN, # 18, permit[s] prisoners to receive and possess dictionaries, language learning publications, and grammar/phrase books written in . . . a foreign language."  (ECF No. 1-3, PageID.38.)

Plaintiff ordered "Spanish For Dummies" from Amazon[3] to be delivered at the Carson City Correctional Facility.  (Compl. ¶¶ 12-14.)  On February 16, 2023, Fountain reviewed an Amazon package sent to Plaintiff, included in it was the "Spanish For Dummies" book.  (*Id.*)  Fountain rejected the book because it was written in Spanish and violated Paragraph NN: "[p]risoners are prohibited from receiving mail that may pose a threat to the security, good order, discipline of the

---

[3] Prisoners may order and receive publications from only certain vendors.  (*See* Policy Directive 05.03.118, PageID.32.)  Amazon is an authorized vendor.  (*Id.*)

2

facility, facilitate or encourage criminal activity, or interfere with the rehabilitation of the prisoner." (*Id.* ¶ 15.)

Plaintiff "requested an administrative hearing on the rejection." (*Id.* ¶ 16.) On February 21, 2023, Schafer conducted an administrative hearing "consistent with the Fourteenth Amendment's Due Process Clause." (*Id.* ¶ 17.) Schafer affirmed Fountain's rejection, ruling that the book "[m]ay be used to communicate in a Language that is not used by STAFF[.]" (Administrative Hearing Report, ECF No. 1-5.)

Plaintiff appealed the administrative hearing under policy directive Paragraph EEE. (Compl. ¶ 15.) This provision provides that "[a] prisoner who disagrees with the outcome of a hearing may file a grievance as asset forth in PD 03.02.130 'Prisoner/Parolee Grievances." (Policy Directive 05.03.118, PageID.28.) Thus, Plaintiff had to file a grievance and comply with each step of the 03.02.130 policy directive. (*See id.*) Plaintiff filed the grievance against Schafer. (*Id.* ¶¶ 50-54.) He satisfied each step. (R&R, PageID.184.) But Plaintiff was denied at each step: Stephenson responded to the grievance and denied it at Step I; Rewerts reviewed and denied the Step II appeal; and Russell reviewed and denied the Step III appeal. (*Id.*)

Plaintiff brought this action against Defendants. Defendants Stephenson, Rewerts, and Russell moved to dismiss Plaintiff's claims under Rule 12(b)(6) and moved for summary judgment under Rule 56.[4] (ECF No. 9.) The magistrate judge recommended dismissal under Rule 12(b)(6) on February 14, 2025. On February 28, 2025, Plaintiff filed two objections to the R&R.

---

[4] Defendants titled their motion as one for "summary judgment" but it seeks relief under Rule 12(b)(6), as well.

3

## II.

### A.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

B.

Plaintiff alleges that Defendants Stephenson, Rewerts, and Russell violated his right to due process under the Fourteenth Amendment. The magistrate judge recommended that the Court grant Defendants Stephenson, Rewerts, and Russell's Rule 12(b)(6) motion. The R&R found that Plaintiff failed to allege a § 1983 claim against Defendants Stephenson, Rewerts, and Russell since they "simply denie[d]" Plaintiff's grievance. (R&R, PageID.186.) And mere denial of a prisoner's grievance is not an actionable offense under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff filed two objections.

1.

Plaintiff first objects that the magistrate judge incorrectly determined that the MDOC's mail policy provided one way to appeal rejected mail. (Pl.'s Objs. to R&R, PageID.188-92.) The magistrate judge did not err. The magistrate judge noted that Plaintiff had "two different routes . . . to contest" the rejection of mail decisions by Fountain and Schafer: Paragraph EEE or Paragraph FFF. (R&R, PageID.181-82); *see also Bradford v. Linscott*, No. 1:23-cv-48, 2024 WL 3593640, at *3, 6, 12 n.13 (W.D. Mich. July 31, 2024) ("The grievance process is the designated means of 'appealing' the result of a mail rejection hearing.").

Plaintiff took the Paragraph EEE path and filed his grievance against Schafer. (Compl. ¶ 50.) That, however, does not render that "appeal" part of the due process required for mail rejections. *Bradford*, 2024 WL 3593640, at *12 n.13 (citing *Smith v. Pallas*, 1:17-cv-618, 2017 WL 5507754, at *7 (W.D. Mich. Nov. 17, 2017) (citing cases), *Gresham v. Verville*, No. 2:10-cv-198, 2011 WL 202023, at *5 (W.D. Mich. Jan. 19, 2011) (collecting cases)). In any event, Defendants Stephenson, Rewerts, and Russell reviewed the grievance at each step and denied it. (R&R, PageID.184.) Plaintiff now complains of the grievance process conducted by Defendants. (*See* Compl. ¶¶ 54-58.) But as the magistrate judge correctly held, there exists no constitutionally protected due process right to an

effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Thus, Plaintiff's first objection is overruled.

### 2.

Closely related is Plaintiff's second objection: "the magistrate judge erred by ruling that Plaintiff had no constitutional right to an adequate grievance process, instead of plaintiff's specific constitutional right to appeal the adverse mail rejection hearing." (Pl.'s Objs. to R&R, PageID.192-94.) Specifically, Plaintiff argues he had a constitutional right to appeal the mail rejection. (*See id.*) That's right. But Plaintiff seems to be conflating the administrative hearing conducted by Schafer with the procedures under Paragraphs EEE and FFF, which is inaccurate. Here, Plaintiff received the process he was due when he received notice of the mail rejection an administrative hearing before Schafer. Nothing more was required. *Procunier v. Martinez*, 416 U.S. 396, 418 (1974).

Indeed, the post-deprivation remedy may not have been successful. Due process, however, requires only that an adequate post-deprivation remedy be available when the deprivation of property occurs. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). The fundamental requirements of due process were met in the notice provided and the hearing before Schafer. Subsequent appeals "are remedial; they are not part of the due process rights afforded to prison inmates." *Smith v. Pallas*, 2017 WL 5507754, at *7 (citing cases); *see also Gresham*, 2011 WL 202023, at *5 (collecting cases). Accordingly, Plaintiff failed to plausibly allege a Fourteenth Amendment due process claim against Defendants Stephenson, Rewerts, and Russell relating to the grievance for the rejection of the "Spanish For Dummies" book. Plaintiff's second objection is overruled.

## III.

**IT IS ORDERED** that the R&R (ECF No. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court. Defendants Stephenson, Rewerts, and Russell are **DISMISSED**.

Dated: July 11, 2025                                  /s/ Paul L. Maloney
                                                              PAUL L. MALONEY
                                                              UNITED STATES DISTRICT JUDGE